UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GLENN CARTER,

               Plaintiff,

    v.

JAY INSLEE, et al.,

              Defendants.

Case No. C16-1726-RSL-MAT

ORDER DECLINING TO SERVE
AMENDED COMPLAINT AND
GRANTING LEAVE TO AMEND

This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court is plaintiff Glenn Carter's 948-page amended complaint, which includes factual allegations and legal claims against 22 defendants interspersed with exhibits. (Dkt. 51.) Plaintiff also has filed three motions to correct errors in the filing of his amended complaint. (Dkts. 49, 50, 52.) Having reviewed plaintiff's submissions, the Court finds and ORDERS:

(1) Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement of the grounds for jurisdiction, a *short and plain* statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. Plaintiff's 948-page amended complaint does not comply with this standard. Accordingly, the Court DECLINES to serve plaintiff's amended complaint but GRANTS him leave to file a second amended complaint within

ORDER DECLINING TO SERVE
AMENDED COMPLAINT AND
GRANTING LEAVE TO AMEND - 1

**45 days** of the date this Order is signed. The amended complaint must carry the same case number as this one. **If no amended complaint is timely filed or if plaintiff files an amended complaint that does not comply with Rule 8(a) or correct the deficiencies identified in the original complaint (*see* Dkt. 15), the Court may recommend that this action be dismissed under 28 U.S.C. § 1915A.**

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any second amended complaint should identify, in a simple, concise way, (1) what happened (ideally explaining relevant events in chronological order), (2) how plaintiff was harmed, (3) who harmed plaintiff (and is therefore a defendant), (4) the constitutional or federal statutory claims asserted, and (5) the specific relief requested. Plaintiff should strive to be concise and omit all information that is not relevant to the specific claims he is bringing here (i.e., references to claims he plans to bring in different lawsuits). Plaintiff should omit complaints about the Court's previous orders. Plaintiff may omit discussion of how he exhausted his legal remedies. **Plaintiff should not include exhibits.**

(2) Because the Court declines to serve plaintiff's amended complaint, his motions to correct errors in its filing (Dkts. 49, 50, and 52) are DENIED as moot.

(3) The Clerk is directed to send plaintiff the appropriate forms so that he may file a second amended complaint, and to send copies of this order to plaintiff and to the Honorable Robert S. Lasnik.

Dated this 10th day of August, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER DECLINING TO SERVE
AMENDED COMPLAINT AND
GRANTING LEAVE TO AMEND - 2