UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GLENN CARTER,

                Plaintiff,

v.

JAY INSLEE, et al.,

                Defendants.

Case No. C16-1726-RSL-MAT

ORDER DECLINING TO SERVE
AMENDED COMPLAINT AND
GRANTING LEAVE TO AMEND

This is a 42 U.S.C. § 1983 prisoner civil rights action. The Court declined to serve plaintiff's original complaint and granted him leave to amend. Plaintiff then filed a 948-page amended complaint, which includes factual allegations and legal claims against 22 defendants interspersed with exhibits. (Dkt. 51.) The Court declined to serve plaintiff's amended complaint because it failed to comply with Federal Rule of Civil Procedure 8(a), which requires a short and plain statement of the claim showing the pleader is entitled to relief. (Dkt. 53.) The Court informed plaintiff:

> Any second amended complaint should identify, in a simple, concise way, (1) what happened (ideally explaining relevant events in chronological order), (2) how plaintiff was harmed, (3) who harmed plaintiff (and is therefore a defendant), (4) the constitutional or federal statutory claims asserted, and (5) the specific relief requested. Plaintiff should strive to be concise and omit all information that is not relevant to the specific claims he is bringing here (i.e., references to claims he plans

ORDER DECLINING TO SERVE
AMENDED COMPLAINT AND
GRANTING LEAVE TO AMEND - 1

1  to bring in different lawsuits). Plaintiff should omit complaints about the Court's previous orders. Plaintiff may omit discussion of how he exhausted his legal remedies. **Plaintiff should not include exhibits.**

(Dkt. 53 at 2 (emphasis in original).)

Plaintiff moves for reconsideration, arguing that he addressed each of the deficiencies that the Court identified in his original complaint and that the exhibits are necessary to prove the truth of his allegations. (Dkt. 58.) Pursuant to the Local Civil Rules, "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." W.D. Wash. Local Rules LCR 7(h)(1). Plaintiff fails to demonstrate manifest error in the Court's ruling that a 948-page complaint fails to comply with the Federal Rules of Civil Procedure. Likewise, he does not set forth new facts or legal authority that changes the Court's ruling. Accordingly, the Court DENIES plaintiff's motion for reconsideration (Dkt. 58).

The Court GRANTS plaintiff leave to file a second amended complaint within **45 days** of the date this Order is signed, thus extending the original deadline. As noted in the Court's previous order (Dkt. 53), any amended complaint must carry the same case number as this one. **If no second amended complaint is timely filed or if plaintiff files a second amended complaint that does not comply with Rule 8(a) or correct the deficiencies identified in the original complaint (*see* Dkt. 15), the Court may recommend that this action be dismissed under 28 U.S.C. § 1915A.**

The Court reminds plaintiff that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff should refer to the advice above regarding how he can present his claims in a way that complies with Rule 8(a). As noted above, allegations in a complaint do not need to be supported by attached exhibits.

ORDER DECLINING TO SERVE
AMENDED COMPLAINT AND
GRANTING LEAVE TO AMEND - 2

1  If, however, plaintiff believes exhibits are necessary to support otherwise speculative allegations,
2  he may attach *no more than 30 pages* of exhibits at the end of his second amended complaint.
3      The Clerk is directed to send copies of this Order to plaintiff and to the Honorable Robert
4  S. Lasnik.
5      Dated this 11th day of September, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER DECLINING TO SERVE
AMENDED COMPLAINT AND
GRANTING LEAVE TO AMEND - 3